**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARY-LOUISE ZANONI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE<br><br>Defendant. | ) | No. 1:08-cv-939 (EGS) |

**ANSWER**

Defendant, the U.S. Department of Agriculture (USDA), hereby answers the Complaint of plaintiff Mary-Louise Zanoni.

**First Defense**

Plaintiff is not entitled to compel production of records protected from disclosure by one or more exemptions to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

**Second Defense**

The Court lacks subject matter jurisdiction over plaintiff's request for relief against the USDA to the extent that the request exceeds relief authorized by the FOIA.

**Third Defense**

The Court lacks subject matter jurisdiction over plaintiff's request for relief against the USDA under 5 U.S.C. § 552a because plaintiff lacks standing under Article III of the Constitution to bring a claim against USDA under this statute.

**Fourth Defense**

This Court lacks subject matter jurisdiction over plaintiff's claims against the USDA concerning her challenge to the constitutionality of Pub. L. No. 110-234 § 1619, 122 Stat. 923,

because the USDA has not yet applied § 1619 to plaintiff's request for records. Accordingly, plaintiff's claim is not ripe.

**Fifth Defense**

The Court lacks subject matter jurisdiction over plaintiff's claims against the USDA concerning her challenge to the constitutionality of Pub. L. No. 110-234, § 1619, 122 Stat. 923, because this provision has been replaced by Pub. L. No. 110-246, § 1619. Accordingly, plaintiff's claim is moot.

**Sixth Defense**

In response to the numbered paragraphs of plaintiff's Complaint, defendants respond as follows:

1. This paragraph contains plaintiff's characterization of this action and conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory and Constitutional provisions, to which the Court is referred for a full and accurate statement of their contents. *See* U.S. Const. Art. I § 7; 5 U.S.C. § 552; 5 U.S.C. § 552a; 28 U.S.C. § 2201, 2202.

2. The first two sentences contain plaintiff's jurisdictional statement, to which no response is required. To the extent that a response is deemed required, defendant admits that plaintiff alleges jurisdiction under the FOIA, the Privacy Act, 5 U.S.C. § 552a, 28 U.S.C. §§ 2201, 2202, 1331, and 42 U.S.C. § 1983. The third sentence contains plaintiff's statement of venue, to which no response is required. To the extent a response is deemed required, admits.

3. Defendant is without knowledge or information sufficient to confirm or deny the allegations of this paragraph.

4. Admits.

5. Defendant is without knowledge or information sufficient to confirm or deny the allegations of this paragraph.

6. The first sentence contains plaintiff's characterization of her request for records that is the subject or this litigation, and, therefore, no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited request, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. Ex. A. The second sentence contains plaintiff's characterization of the information in USDA's National Premises Information Repository ("NPIR"), which is not relevant to plaintiff's claim in this litigation that the information plaintiff sought in her request for records that is the subject of this litigation was not properly withheld under 5 U.S.C. § 552(b)(6); to the extend a response is deemed required, denies, except to admit the existence of the document cited in the footnote, to which the Court is referred for a full and accurate representation of its contents. *See* Compl. ¶ 6 n.10.

7. The allegations contained in this paragraph concern the uncited and unidentified statement of an unnamed USDA official, do not bind the USDA with respect to making a final determination about the applicability of exemptions available under 5 U.S.C. § 552(b) in response to plaintiff's request for records, and thus are not relevant to plaintiff's claims in this litigation; to the extent a response is deemed required, denies.

8. First sentence: denies. Second sentence: denies, except to admit the existence of the cited transcript, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. ¶ 4 n.11.

9. Defendant is without knowledge or information sufficient to confirm or deny the allegations of this paragraph.

10. Defendant is without knowledge or information sufficient to confirm or deny the allegations of this paragraph; to the extend a response is deemed required, denies.

11. The allegations contained in this paragraph are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited document, to which the Court is referred for a for a full and accurate statement of its contents. *See* Compl. ¶ 11 n.13.

12. First sentence: the allegations contained in this sentence are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies. Second sentence: the allegations contained in this sentence are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies. Third sentence: the allegations contained in this sentence are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited regulation, to which the Court is referred for a full and accurate statement of its contents. *See* 62 Fed. Reg. 30936. Fourth sentence: the allegations contained in this sentence are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited press release, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. ¶ 12 n.17.

13. The allegations contained in this paragraph are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies.

14. The allegations contained in this paragraph are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited documents, to which the Court is referred for a full and accurate statement of their contents. *See* Compl. ¶ 14 nn.18-19.

15. The allegations contained in this paragraph are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies.

16. The allegations contained in this paragraph contain plaintiff's characterizations of USDA actions but are not relevant to plaintiff's action, thus no response is required. To the extent a response is deemed required, denies.

17. The allegations contained in this paragraph contain plaintiff's characterizations of USDA actions but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies.

18. The allegations contained in this paragraph contain plaintiff's characterizations of USDA actions but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited transcripts, to which the Court is referred for a full and accurate statement of their contents. *See* Compl. ¶ 18 nn.21-22.

19. The allegations contained in this paragraph contain plaintiff's characterizations of USDA actions but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited

transcripts, to which the Court is referred for a full and accurate statement of their contents. *See* Compl. ¶ 19 n.23.

20. The allegations contained in this paragraph contain plaintiff's characterizations of USDA's Draft Strategic Plan and Draft Program Standards but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited transcripts, to which the Court is referred for a full and accurate statement of their contents. *See* Compl. ¶ 19 n.24.

21-23. The allegations contained in these paragraphs contain plaintiff's characterizations of USDA Draft Strategic Plan and Draft Program Standards but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited Draft Plan and Draft Standards, to which the Court is referred for a full and accurate statement of their contents. *See* 70 Fed. Reg. 23961 (May 6, 2005).

24. The allegations contained in these paragraphs contain plaintiff's characterizations of third party actions but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited newspaper report, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. ¶ 24 n.26.

25. The allegations contained in these paragraphs contain plaintiff's characterizations of USDA actions but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited newspaper report, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. ¶ 26 n.27.

26. The allegations contained in these paragraphs contain plaintiff's characterizations of third party actions but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited newspaper report, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. ¶ 26 n.28.

27. The allegations contained in these paragraphs contain plaintiff's characterizations of USDA's National Animal Information System (NAIS) Implementation Plan, but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies.

28. The allegations contained in these paragraphs contain plaintiff's characterizations of USDA's National Animal Information System (NAIS) Implementation Plan, but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited transcript, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. ¶ 28 n.29.

29. The allegations contained in these paragraphs contain plaintiff's characterizations of USDA actions but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited presentation, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. ¶ 29 n.30.

30. The allegations contained in the first two sentences contain plaintiff's characterizations of USDA's NAIS User Guide but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the

existence of the NAIS User Guide, to which the Court is referred for a full and accurate statement of its contents. Third sentence: admits.

31. The allegations contained in this paragraph contain plaintiff's characterizations of USDA's NAIS User Guide but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit that the quoted text comes from various pages of the NAIS User Guide, to which the Court is referred for a full and accurate statement of its contents.

32. The allegations contained in this paragraph contain plaintiff's characterizations of third party actions that are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the cited document, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. ¶ 32 n.31.

33. First sentence: admits. The balance of this paragraph contains plaintiff's characterizations of USDA's NAIS Business Plan but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the NAIS Business Plan, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. ¶ 33, n.32.

34. First sentence: admits. The balance of this paragraph contains plaintiff's characterizations of USDA's Agricultural Marketing Service's Business Plan to Advance NAIS but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies, except to admit the existence of the NAIS Business Plan, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. ¶ 34, nn.33-34.

35-36. These paragraphs contains excepts of plaintiff's request for record pursuant to the FOIA, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. Ex. A.

37. Denies, except to admit the existence of the cited exhibit, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. Ex. B.

38-39. These paragraphs contains plaintiff's characterization of USDA's initial response to plaintiff's request for records, to which the Court is referred for a complete and accurate statement of its contents. *See* Compl. Ex. C. To the extent this paragraph may be construed to allege that plaintiff's submitted a valid request for records under the FOIA, denies. Further, to the extent this paragraph may be construed to allege that the correspondence attached at Exhibit C to plaintiff's Complaint was a final determination under the FOIA, denies.

40. Admits the existence of the November 15, 2007 telephone conversation between plaintiff's counsel and the USDA FOIA Program Specialist. Admits that the USDA FOIA Program Specialist stated to plaintiff's counsel that approximately 17,000 pages of records had been sent to his office, and that he would begin processing them as part of USDA's review of the responsive records to determine if the records may be exempt from disclosure under the FOIA. Denies that the USDA Program Specialist's oral statement that he would begin sending groups of 200 records at a time to plaintiff's counsel constituted USDA's final determination under the FOIA about the applicability of FOIA exemptions to records responsive to plaintiff's request.

41. First sentence: admits. The second sentence contains plaintiff's characterization of defendant's December 13, 2007 response to plaintiff's FOIA request, to which the Court

is referred for a full and accurate statement of its contents. *See* Compl. Ex. D. Third sentence: admits.

42. The first and second sentence contain plaintiff's characterization of her appeal of defendant's denial of her request for records, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. Ex. E. Third sentence: denied, except to admit the existence of the U.S. Post Office Return Receipt. *See id.* Fourth sentence: admits.

43. This paragraph contains plaintiff's characterization of her appeal of defendant's denial of her request for records, to which the Court is referred for a full and accurate statement of its contents. *See* Compl. Ex. E.

44. Denies. On June 19, 2008, defendant provided plaintiff with a supplemental response to her request for records, and includes records responsive to (b) and (c) of her request. *See* Ltr. fr. Tonya Woods, Dir., FOIPA Legis & Pub. Affairs, APHIS, USDA to Leonard Brown (June 19, 2008) [Attached hereto].

45. Admits.

46. Admits.

47. Denies, except to admit the existence of the cited Federal Register notice, to which Court is referred for a full and accurate statement of its contents. *See* 73 Fed. Reg. 23412 (Apr. 30, 2008).

48. Denies, except to admit the existence of the Draft Business Plan, to which the Court is referred for a full and accurate statement of its contents.

49. The first sentence contains legal conclusions, to which no response is required. To the extend a response is deemed required, denies. Second sentence: denies.

50. The first two sentences contain legal conclusions, to which no response is required. To the extend a response is deemed required, denies. Third sentence: denies.

51. The first sentence contains legal conclusions, to which no response is required. To the extend a response is deemed required, denies. Second sentence: denies.

52. The first sentence contains legal conclusions, to which no response is required. To the extend a response is deemed required, denies. The second sentence contains allegations about plaintiff's belief about USDA's actions, to which no response is required. To the extent a response is deemed required, denies.

53. Denies.

54-55. This paragraph contains plaintiff's characterizations of legislative actions by the U.S. Congress that are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies.

56. Admits.

57. This paragraph contains plaintiff's characterizations of legislative actions by the U.S. Congress, to which no response is required. To the extent a response is deemed required, denies, except to admit the existence of Pub. L. 110-234 § 1619, 122 Stat. 923, to which the Court is referred for a complete and accurate statement of its contents.

58. Admits.

59. First sentence: denies, except to admit that H.R. 2419 was presented to the President on May 20, 2008. Second sentence: denies, except to admit that Title III of H.R. 2419 was not presented to the President. The third sentence contains plaintiff's characterizations of Title III but are not relevant to plaintiff's lawsuit, thus no response is required. To the extent a response is deemed required, denies.

60. Admits.

61. Denies, except to admit the existence of the cited statements of Representative Boehner and Senator Gregg, to which the Court is referred for a full and accurate statement of their contents. *See* Cong. Rec. H4410-11 (May 21, 2008), S4745 (May 22, 2008).

62. Denies, except to admit that Congress overrode the President's veto of H.R. 2419, § 1619. Defendant alleges that the U.S. House of Representatives took the following actions: (1) on May 21, 2008, it overrode the President's veto of H.R. 2419; and (2) on May 22, 2008, it passed H.R. 6124, which was a duplicate of H.R. 2419 that included Title III, with additional provisions to address any conflict in the effective dates between H.R. 6124 and H.R. 2419. Defendant further alleges that on May 22, 2008, the U.S. Senate overrode the President's veto of H.R. 2419, enacting it into law as Pub. L. No. 110-234, effective May 22, 2008. In addition, defendant alleges that on June 5, 2008, the Senate also passed H.R. 6124 and presented it to the President. Defendant alleges that on June 18, 2008, the President vetoed H.R. 6124, and the House and Senate overrode his veto the same day, thus enacting H.R. 6124 as Pub. L. No. 110-246.

63. Defendant reincorporates the above paragraphs.

64. Admits.

65. Denies.

66. Denies.

67. Defendant reincorporates the above paragraphs.

68. Denies that plaintiff has standing to maintain this lawsuit against USDA arising under 5 U.S.C. § 552a.

69. Denies.

70. Denies.

WHEREFORE, defendant request that plaintiff's Prayer for Relief be denied, that this action be dismissed with prejudice, and that defendant be awarded his costs and such other relief as may be appropriate.

Dated: July 1, 2008

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
U.S. Attorney for the District of Columbia

ELIZABETH SHAPIRO
Assistant Director, Federal Programs Branch

/s/ James D. Todd, Jr.
JAMES D. TODD, JR., Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 514-3378
*james.todd@usdoj.gov*
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2008, a copy of the foregoing document was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to:

Leonard G. Brown, III
CLYMER & MUSSR, P.C.
408 West Chestnut Street
Lancaster, PA 17603
(717) 299-7101
Email: len@clymerlaw.com
Attorney for Plaintiff

/s/ James D. Todd, Jr.
JAMES D. TODD, JR.



United States Department of Agriculture

Marketing and Regulatory Programs

Animal and Plant Health Inspection Service

Legislative and Public Affairs

Freedom of Information

4700 River Road
Unit 50
Riverdale, MD
20737-1232

Leonard G. Brown, III
Clymer & Musser, PC
408 West Chestnut Street
P.O. Box 1766
Lancaster, Pennsylvania 17608-1766

JUN 19 2008

Dear Mr. Brown:

This is an interim response to the Freedom of Information Act (FOIA) appeal that you submitted on behalf of Mary-Louise Zanoni, which requested copies of:

1) All records of registered premises contained in the National Premises Information Repository or NAIS database;

2) The number of requests to be removed from the premises database that APHIS has received from owners/managers of registered premises; and,

3) The number of premises that actually have been removed from the database.

The FOIA appeal dated December 21, 2007, was received in this office on December 27, 2007, and assigned case number FOIA 08-100. This interim response addresses Items Nos. 2 and 3 referenced above.

After careful consideration, we have determined to disclose records that are responsive to Items Nos. 2 and 3. These records are contained on a spreadsheet being provided to you on the enclosed CD-ROM. The columns from the spreadsheet responsive to your request are: "Submitted to NAIS Team Date"; "Data to be Deleted (Account, Premises ID, User)"; "Reason for Deletion (Opt-Out, Duplicate)"; and "Step1/Removed from NPIR (contact) and SPRS date." We consider the remaining columns to be non-responsive to the FOIA appeal.

Also contained on the CD-ROM is Adobe® Acrobat® Reader™, which is needed to view the responsive records. By opening rp505enu.exe and following the on-screen instructions, you will install Adobe Reader. After the installation, the Adobe Reader should render the PDF files correctly.

Sincerely,

for Tonya G. Woods
Director
Freedom of Information & Privacy Act
Legislative and Public Affairs

Enclosure(s): as stated.

