**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARY-LOUISE ZANONI, )
)
Plaintiff, )
)
v. ) No. 1:08-cv-939 (EGS)
)
UNITED STATES DEPARTMENT OF )
AGRICULTURE )
)
Defendant. )

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

## I. PRELIMINARY STATEMENT

The U.S. Department of Agriculture (USDA) is entitled to summary judgment in this Freedom of Information Act (FOIA) action seeking disclosure of records containing the names, home addresses, and contact information of farm producers as they appear in the National Animal Identification System (NAIS)'s National Premises Information Repository (NPIR) maintained by the USDA's Animal Plant Health Inspection Service (APHIS).

First, plaintiff does not contest the producers' names, home addresses and contact information contained in the NPIR come within FOIA Exemption 6, 5 U.S.C. § 552(b)(6), and does not contest that producers have a protectable privacy interest in this information. Rather, plaintiff argues that she herself will not violate this privacy interest by directly contacting producers, but that argument is to no avail pursuant to established precedent. Nor can plaintiff overcome the fact that her desire to see how USDA is administering the NPIR is not a sufficient public interest to justify invasion of the producers' privacy. Most critically, plaintiff does not contest defendant's argument that she could obtain the information she seeks through the disclosure of the producers' private information through less obtrusive means by requesting other

documents about the NPIR. Indeed, most of plaintiff's stated concerns with the NPIR have nothing to do with the producers' private information. Each of these failures is fatal to plaintiff's argument that the producers' private information is not exempt from disclosure under Exemption 6.

Second, plaintiff fails to establish that § 1619 of the Food, Conservation and Energy Act of 2008 (FCEA), Pub. L. No. 110-246, 122 Stat. 1651, does not prohibit disclosure of the producers' names, home addresses and contact information as a qualified FOIA Exemption 3 statute. Plaintiff cannot establish that the presumption against retroactivity precludes § 1619 from applying to her FOIA request. Moreover, plaintiff's claim that § 1619 does not prohibit the release of those records ignores the plain meaning of the statute. Nor is there any basis to plaintiff's claim that § 1619 applies only to the information ordered disclosed in *Multi-Ag Media, LLC v. USDA*, 515 F.3d 1224 (D.C. Cir. 2008). Rather, plaintiff's proposed reading would improperly render meaningless § 1619's other provisions.

Third, because plaintiff does not challenge either the adequacy of defendant's search for Item Nos. 2 and 3 of her request for records or the accuracy defendant's sworn statement that it released all records in response to that request, defendant is entitled to summary judgment with respect to that part of plaintiff's request.

Lastly, plaintiff does not demonstrate that she suffers any injury in fact necessary to maintain standing under Article III of the Constitution to pursue her claims arising under the Privacy Act, 5 U.S.C. § 552a. And because plaintiff does not allege violations of the Privacy Act in relation to the maintenance of any records pertaining to her, she has sustained no injury and cannot state a cause of action Privacy Act for relief.

## II. ARGUMENT

### A. The Producer's Names, Home Addresses and Contact Information Are Protected From Disclosure Under Exemption 6

In its opening brief, defendant established that the producers' names, home addresses, and contact information contained in the NPIR are exempt from disclosure pursuant to FOIA Exemption 6, 5 U.S.C. § 552(b)(6), because disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." *Id.* In challenging the applicability of Exemption 6, plaintiff's opposition makes two critical concessions. First, plaintiff 's opposition does not contest, Pl. Opp'n at 18-23, that the D.C. Circuit has ruled that the private citizens, such as the producers, have a "legitimate privacy interest in their names and addresses" and contact information. *Reed v. NLRB*, 927 F.2d 1249, 1250-51 (D.C. Cir. 1991) ("the Supreme Court has instructed lower courts to construe the phrase 'similar files' broadly, and to apply the exemption to any 'Government records on an individual which can be identified as applying to that individual.'") (quoting *Washington Post Co.*, 456 U.S. 595, 601-02 (1982). Effectively conceding this point, plaintiff argues instead that she herself does not intend to disclose the producers' private information "to anyone else." Pl. Opp'n at 19-20. However, the Supreme Court has rejected this argument as a matter of law, *Nat'l Archives & Record Admin. v. Favish*, 541 U.S. 157, 174 (2004), and expressly held that "[t]here is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory, or for proscribing its general dissemination."[1]

[1] Plaintiff's undifferentiated string cite of cases at the end of her argument, Pl. Opp'n at 23, does nothing to advance her case. Rather, these cases concern: (i) the public interest in examining the distribution of government payments to private individuals, *see, e.g., News-Press v. U.S. Dept. of Homeland Sec.*, 489 F.3d 1173, 1176 (11th Cir. 2007); *Consumers' Checkbook,*

Second, plaintiff argues that there is a public interest in knowing "whether and how USDA is capturing farmers' and animal owners' information for the NPIR without the subjects' knowledge." Pl. Opp'n at 24. However, plaintiff does not even attempt to respond to defendant's arguments that, rather demonstrating statutory wrongdoing, plaintiff's request is nothing more than "[a] mere desire to review how an agency is doing its job," which "does not create a public interest sufficient to override the privacy interests protected" by the FOIA. *McCutchen v. Dep't of Health & Human Servs.*, 30 F.3d 183, 188 (D.C. Cir. 1994). Even more problematic for the plaintiff, she does not contest that she could obtain the information she seeks about the NPIR from other documents *without invading the producers' privacy*. Pl. Opp'n at 23-27. *Dep't of Def. v. Fed. Labor Relations Auth.*, 964 F.2d 26, 29-30 (D.C. Cir. 1992) (the public interest in the release of names and addresses should be discounted when alternative sources of information exist). Plaintiff does not challenge the fact that she could gain the same understanding about the NPIR without seeking disclosure of producers' private contact information by instead requesting, for example, documents containing statistical data about the size of the program, documents about the general nature of the program; documents about federal and state premises recruitment programs; documents about the sources of data from other,

---

*Center for Study of Servs. v. U.S. Dep't of Health & Human Servs.*, 502 F. Supp.2d 79, 85 (D.D.C. 2007); (ii) the names and work telephone numbers of government employees. *See, e.g., Leadership Conf. on Civil Rts. v. Gonzales*, 421 F. Supp. 2d 104, 107 (D.D.C. 2004); (iii) the names of citizens who chose to submit comments in response to a Federal Register notice, *People for the Am. Way Foundation v. Nat'l Park Serv.*, 503 F. Supp. 2d 284, 305 (D.D.C. 2007) ("voluntary submissions by concerned citizens do not represent the personal information that Exemption 6 is designed to protect."). Plaintiff's request concerns neither government payments to private individuals nor the names and work telephone numbers of government employees. Nor does it does concern comments submitted by concerned citizens in response to a Federal Register notice.

mandatory federal and state disease eradication programs; documents about the opt-out option; or documents about comments or complaints USDA has received about the program. *See* Declaration of Tonya Woods ¶ 41 [Doc. No. 15-3]. Yet, each of these types of documents would provide plaintiff with the same type of information plaintiff seeks, *i.e.*, the "voluntary" nature of the program, Decl. of Mary-Louise Zanoni ¶ 6 [Doc. No. 12-4], without invading the privacy interests of the producers.

Indeed, none of plaintiff's stated reasons for pursuing her request would be advanced by obtaining the producers' private information. Disclosure of the producers' private information would *not* inform plaintiff about whether producers who participate in disease eradication and control programs must participate in NAIS. Pl. Opp'n at 25. Nor would such disclosure inform plaintiff about the legality of removing NAIS-compliant identification devices from livestock and poultry. *See id.* Finally, disclosure of the producers' contact information would not inform plaintiff about the producers' "understanding" of their ability to opt-out of the NPIR. Pl. Opp'n at 26. Moreover, information about the producers' "understanding" "does not explain how the [NPIR] is administered, but, rather, is an [improper] inquiry into personal information concerning the person to whom the files are related." *Gannett Satellite Info. Network, Inc. v. U.S. Dep't of Educ.*, No. 90-1392, 1990 WL 251480, *6 (D.D.C. Dec. 21, 1990).[2]

In the end, plaintiff simply claims that there is a public interest in "know[ing] who has

[2] Nor would disclosure of the producers' private information inform plaintiff about whether the states properly removed the information from their databases, Pl. Opp'n at 27, but even if it did, there is "no FOIA-recognized public interest in discovering wrongdoing by a *state* agency." *Landano v. U.S. Dep't of Justice*, 956 F.2d 422, 430 (3d Cir.) (emphasis in original), *cert. denied on this ground,* 506 U.S. 868 (1992), *rev'd & remanded on other grounds*, 508 U.S. 165 (1993); *McMillan v. Fed. Bureau of Prisons*, No. 03-1210, 2004 WL 4953170, *7 n.11 (D.D.C. July 23, 2004).

been placed in the NPIR, or whether USDA actually honors requests to opt out." Pl. Opp'n at 27. But the Supreme Court has expressly rejected even this argument. *Bibles v. Ore. Nat. Desert Ass'n*, 519 U.S. 355, 355-56 (1997) (holding that there is no significant public interest in knowing whom the government keeps on a list). Accordingly, this Court should enter summary judgment for defendant with respect to Item No. 1 of plaintiff's request.

**B. The Food, Conservation and Energy Act of 2008 (FCEA), Pub. L. No. 110-246, § 1619, 122 Stat. 1651, Prohibits Disclosure of the Producers' Names, Home Addresses, and Contact Information**

Plaintiff does not contest that section 1619 of the Food, Conservation and Energy Act of 2008 (FCEA), Pub. L. No. 110-246, § 1619, 122 Stat. 1651, qualifies as a FOIA Exemption 3 statute,[3] but rather challenges its application in this case. First, plaintiff claims that because her request predates § 1619 enactment, the Court cannot "retroactively" apply the statute to her request. Pl. Opp'n at 17 (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994)). In making this argument, plaintiff does not contest that an agency may invoke an applicable exemption for the first time in litigation at the district court level, *see*. e.g., *Sinito v. U.S. Dep't of Justice*, No. 87-814, 2000 U.S. Dist. LEXIS 22504, *25 (D.D.C. July 12, 2000), or that a district court must apply the law in effect at the time it renders its decision. *Bradley v. Sch. Bd. of Richmond,* 416 U.S. 696, 711-21 (1974). *See* Pl Opp'n at 17. Rather, plaintiff simply attempts to distinguish *SW Ctr. for Biological Diversity v. USDA*, 314 F.3d 1060 (9th Cir. 2002). Pl Opp'n at 17. As defendant demonstrated in its opening brief, application of a new statutory prohibition against the

[3] Exemption 3 protects from disclosure under the FOIA information for which disclosure is prohibited by *another* statute, if that statute either: (A) "requires that the matters be withheld from the public in such a manner to leave no discretion on the issue;" or (B) "establishes a particular criteria for withholding *or* refers to particular types of matters withheld." 5 U.S.C. § 552(b)(3)(A)-(B) (emphasis added).

disclosure of information to a pending FOIA lawsuit would not have any impermissible retroactive effect because the plaintiff's only action that predates enactment of § 1619 was to request information, not to take a position in reliance upon existing law that would unfairly prejudice her when the law was changed. *SW Ctr.*, 314 F.3d at 1062. Contrary to plaintiff's assertion, Pl. Opp'n at 17, moreover, nothing in that decision suggests that its holding is limited to situations in which only part of a FOIA request is exempt from disclosure under Exemption 3 because of a new statute. *SW Ctr.*, 314 F.3d at 1062. Nor is there any basis to plaintiff's suggestion that Congress cannot pass, or an agency cannot invoke, a new Exemption 3 statute if is "destructive to the principles and purposes of the FOIA." Pl. Opp'n at 18. Rather, especially in light of the applicability of FOIA Exemption 6 to the producers' private information, the presumption against retroactivity does not preclude § 1619's application to this case because it does not "unsettle" any *reasonable* expectation plaintiff may have held about the "success of [her] litigation." *SW Ctr.,* 314 F.3d at 1062 n.1.

Second, plaintiff's claim, Pl. Opp'n at 9-16, that § 1619 does not prohibit disclosure of the producers' names, home addresses, and contact information simply ignores the plain language of the statute. Except in limited circumstances which plaintiff concedes have no application here, the statute prohibits disclosure of *all* "information provided by an agricultural producer or owner of agricultural land concerning the agricultural operation, farming or conservation, or the land itself." FCEA § 1619(b)(2). As defendant demonstrated in its opening brief, § 1619 protects the name, home address, and contact information provided by a participant in the NPIR because that information is the basis for identifying the operator or owner of an "agricultural operation" or a "farm[]," and the address clearly "concerns" "*the land itself*." *Id.*

(emphasis added).

Plaintiff claims, Pl. Opp'n at 11-12, that § 1619 does not apply to the NPIR because some producers may not have provided their private information *directly* to APHIS and *solely* for the purposes of participating in the NAIS but rather that such information was provided on their behalf by the states or was provided by producers in order to participate in *other* USDA programs. Plaintiff's proposed reading seeks to read terms into the statute that do not exist and seeks to limit unreasonably the statute's protection of a producer's private information. Neither limitation, of course, is found in the text of the statute. Moreover, as plaintiff is aware, many USDA programs are operated as part of a federal-state cooperative.[4] As a result, producers participating in many USDA programs provide their information both to USDA and to the states. In drafting § 1619, Congress is presumed to have been aware of the cooperative nature of USDA programs, *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184-85 (1988) (courts presume that Congress is knowledgeable about existing law pertinent to the legislation it enacts), and it would therefore be unreasonable to read the statute as protecting only information provided directly to USDA. By its own terms, a reasonable reading of the statute demonstrates that it protects *all*

---

[4] For example, Congress specifically authorized USDA to cooperate with other Federal agencies, States or political subdivision of States, national governments of foreign countries, local governments of foreign countries, domestic or international organizations, domestic or international associations, Indian tribes and other persons to protect the agriculture, environment, economy and health and welfare of the people of the U.S. 7 U.S.C. § 8310. *See* 9 C.F.R. § 53.2 (establishing cooperative program for the control and eradication of animal disease). *See also, e.g.,* Animal Damage Control Act of 1931, 7 U.S.C. §§ 426-426b (cooperative program to mitigate wildlife damage to crops and livestock); Boll Weevil Eradication Program **http://www.usda.gov/documents/NewsReleases/2003/02/0049.doc** (cooperative program to eliminate boll weevil infestation). Section 1619 protects information provided by producers in each of these programs to USDA or to states.

information provided by producers or owners of agricultural land either directly or indirectly to USDA so long as that information concerns "the agricultural operation, farming or conservation, *or the land itself*." FCEA § 1619(b) (emphasis added). *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (court's "analysis begins with 'the language of the statute.' And where the statutory language provides a clear answer, it ends there as well.") (citations omitted).

Nor is there any basis to plaintiff's claim that § 1619 does not protect producers' private information contained in the NPIR because participation in the NAIS is somehow "mandatory" for producers who participate in USDA's disease control and eradication programs. Pl. Opp'n at 12. Rather, as defendant set out in its opening brief, APHIS has established a standard process for *all* producers who wish to have their information removed from the NPIR. Declaration of John Clifford ¶ 24. Any producer has the option of having his or her record deleted from the database, including the premises ID itself, if the producer's premises ID is not associated with any disease activity. *Id.* ¶ 26. But even if there has been disease activity associated with the premises, APHIS *still deletes* a producer's personal information (contact name, phone numbers, email address, etc.) from the NPIR, and retains only the premises ID and its associated address. *Id.*[5]

Nor is there any merit to plaintiff's attempt, Pl. Opp'n at 15-16, to limit the application of

---

[5] Contrary to plaintiff's suggestion, Pl. Opp'n at 26, routine herd immunizations are not a disease event. To be clear, vaccinations for an official disease control program are considered a disease event, because many livestock diseases take several years to incubate and for clinical signs and symptoms to develop. *See, e.g.,* Facts About Brucellosis, available at **http://www.aphis.usda.gov/animal_health/animal_diseases/brucellosis/downloads/bruc-facts.pdf**. As a result, in order to conduct a proper epidemiological investigation in the event of the spread of such diseases, it is very important to know when and *where* livestock were tested and/or vaccinated previously. *See id.*

the statute to the information ordered disclosed in *Multi-Ag Media, LLC v. USDA*, 515 F.3d 1224 (D.C. Cir. 2008). Plaintiff suggests that § 1619 only prohibits the disclosure of "records pertaining to agricultural practices, acreage, soil, crops, and livestock of farms." Pl. Opp'n at 15. However, plaintiff's proposed reading would render meaningless FCEA § 1619(b)(3)(A)(ii) – the provision that authorizes release of information protected by § 1619(b)(2) to states or local governments or other "cooperators" in order to respond to a disease or pest threat. If the Court were to interpret the statute as plaintiff proposes, in order to respond to a disease threat, this subsection would only authorize USDA to disclose to states or local governments or other cooperators "records pertaining to agricultural practices, acreage, soil, crops, and livestock of farms" *but not a producer's name, home address, or contact information*, which would entirely frustrate the purposes of the statute. It goes without saying that it would be impossible for a government entity to respond to a disease or pest threat if a producer did not provide contact information about his or her agricultural operation. Accordingly, this Court should "not adopt an interpretation of a statute or regulation when such an interpretation would render the particular law meaningless." *Sec'y of Labor v. Twentymile Coal Co.*, 411 F.3d 256, 261 (D.C. Cir. 2005).

Accordingly, plaintiff's attempt to avoid application of § 1619 lacks merit.

**C. Defendant Has Disclosed All Information Responsive to Item Nos. 2 & 3 of Plaintiff's Request**

Item Nos. 2 and 3 of plaintiff's request for records seeks information concerning the "number" of producers who requested to opt-out (Item No. 2), and the number of requests the USDA granted (Item No. 3). *See* Compl. Ex. A, Item Nos. 2 and 3. Defendant demonstrated in its opening brief that, because USDA completed its search for records responsive to Item Nos. 2

and 3 of plaintiff's request on July 30, 2008, Woods Decl. ¶ 43, and provided plaintiff with *all* responsive records located as a result of that search, *id.*, plaintiff's claim that USDA did not provide all responsive records is now moot. *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987).

In her opposition, plaintiff neither challenges the adequacy of defendant's search, nor does she claim that defendant has improperly withheld responsive documents. Pl. Opp'n at 21-22. Rather, plaintiff claims that, in examining the records USDA provided in response to Item No. 3 of her request, she was unable to determine exactly how many opt-out requests USDA may have granted. Pl. Opp'n at 21-22. However, as USDA demonstrated in its opening brief, a court's inquiry regarding the adequacy of the search focuses on the reasonableness search itself, not its results. *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). However, the fact that documents responsive to plaintiff's FOIA request do not answer questions that she might have about how the USDA grants the opt-out requests does not impose additional obligations on USDA to answer plaintiff's questions. *See Ivey v. U.S. Ofc. of Special Counsel*, No. 05-176, 2005 U.S. Dist. LEXIS 18874, *8 (D.D.C. Aug. 31, 2005) (agency is not required to answer questions). *See also Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985) (agency not required to "create documents or opinions in response to an individual's request for information."). Plaintiff has received all records responsive to Item Nos. 2 and 3 of her request, and the FOIA requires nothing more.

**D. Plaintiff Suffers No Injury From USDA's Alleged Privacy Act Violations**

Although plaintiff goes on at length about the injuries found to confer standing on other individuals, Pl. Opp'n at 4-6, plaintiff does not demonstrate that she herself suffers from a

cognizable injury-in-fact that would grant her standing to maintain her Privacy Act claims. Pl. Opp'n at 3-6. To be clear, defendant has not denied plaintiff's FOIA request because of the Privacy Act, nor could it. *Greentree v. U.S. Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982) (5 U.S.C. § 552a(b)(2) "represents a Congressional mandate that the Privacy Act not be used as a barrier to FOIA access"). Rather it has denied plaintiff's request for records under FOIA Exemptions 3 and 6.

Plaintiff nonetheless continues to maintain that USDA has violated the Privacy Act right of the individuals whose information appears in the NPIR. However, as defendant demonstrated in its opening brief, these are "precisely the kind of undifferentiated, generalized grievance about the conduct of government that [the courts] have refused to countenance in the past." *Lance v. Coffman*, 127 S.Ct. 1194, 1198 (2007); *Save Our Schools-Southeast & Northeast v. Dist. of Columbia Bd. of Educ.*, __ F. Supp. 2d __, 2008 WL 2696871, *4 (D.D.C. July 11, 2008). *See also ASARCO Inc. v. Kadish*, 490 U.S. 605, 616 (1989) (opinion of KENNEDY, J.) ("[G]eneralized grievances brought by concerned citizens . . . are not cognizable in the federal courts"). This is fatal to plaintiff's Privacy Act claims.[6]

Lastly, plaintiff's efforts to distinguish *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1122 (D.C. Cir. 2007), and claim that she can pursue a claim under 5 U.S.C. § 552a(g)(1)(D), are to no avail. By its terms, this subsection does not provide injunctive relief of the type plaintiff seeks, as the statute only provides relief to an individual when an agency "fails to comply with

---

[6] In addition, plaintiff does not contest defendant's arguments that Privacy Act rights are *personal* to the individual who is the subject of the record and cannot be asserted derivatively by others. Pl. Opp'n at 6-9. *See Sirmans v. Caldera*, 27 F. Supp. 2d 248, 250 (D.D.C. 1998) (plaintiff "may not object to the Army's failure to correct the records of other officers.").

any . . . provision of [the Act] . . . in such a way as to have an *adverse effect on an individual*." 5 U.S.C. § 552a(g)(1)(D) (emphasis added). Since plaintiff has suffered no injury to herself, this provision does not provide her with a cause of action.[7]

## III. CONCLUSION

For the foregoing reasons, this Court should grant defendant's motion for summary judgment, deny plaintiff's motion for summary judgment and deny as moot plaintiff's motion for a preliminary injunction.

---

[7] In any event, even if plaintiff had standing and had a cause of action (which she does not), USDA has complied with the provisions of the Privacy Act that plaintiff alleges were violated. As part of its compliance with the requirements of the Privacy Act, USDA published a notice in the Federal Register on April 30, 2008, of its proposal to add the NAIS to its inventory of Privacy Act-protected record systems. 73 Fed. Reg. 23412 (Apr. 30, 2008). Moreover, pursuant to the Paperwork Reduction Act, the Office of Management and Budget (OMB), approved the information collection requests associated with this system, 73 Fed. Red. at 23412, and USDA sent a report on the new system of records pursuant to 5 U.S.C. § 552a(r), *as implemented by* OMB Circular A-130, to the Chairman, Committee on Homeland Security and Governmental Affairs, U.S. Senate; the Chairman, Committee on Oversight and Government Reform, U.S. House of Representatives; and the Administrator, Office of Information and Regulatory Affairs, OMB. *Id.* at 23413.

Dated: August 21, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEFFREY A. TAYLOR
U.S. Attorney for the District of Columbia

ELIZABETH SHAPIRO
Assistant Director, Federal Programs Branch

/s/ James D. Todd, Jr.
JAMES D. TODD, JR., Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 514-3378
*james.todd@usdoj.gov*
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2008, a copy of the foregoing document was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to:

Leonard G. Brown, III
CLYMER & MUSSR, P.C.
408 West Chestnut Street
Lancaster, PA 17603
(717) 299-7101
Email: len@clymerlaw.com
Attorney for Plaintiff

/s/ James D. Todd, Jr.
JAMES D. TODD, JR.